IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eddie L. Hall, | ) C/A No. 2:13-2526-TLW-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Warden, Kershaw Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Eddie L. Hall, ("Petitioner"), a self-represented state prisoner housed in the Kershaw Correctional Institution of the South Carolina Department of Corrections, in Kershaw, South Carolina, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening. Petitioner is serving sentences of twenty-five (25) years imprisonment (and a $50,000.00 fine) for trafficking in crack cocaine; fifteen (15) years imprisonment, concurrent, for possession with intent to distribute cocaine; and fifteen (15) years imprisonment (and a $25,000.00 fine), consecutive, for distribution of crack cocaine, following his convictions after a jury trial in Richland County General Sessions Court, on January 29, 1992.

Petitioner has previously filed four (4) § 2254 petitions in this Court, challenging these same state court convictions and sentences.[1] Petitioner's most recent § 2254

---

[1] See Hall v. South Carolina, et al., C/A No. 3:93-3124-CWH-BM (D.S.C. 1993) (dismissed as a "mixed petition"); Hall v. Harpootlian, et al., C/A No. 3:93-3124-CWH-BM (D.S.C. 1993) (dismissed to allow exhaustion of state court remedies); Hall v. South Carolina, et al., C/A No. 8:03-2960-TLW-BHH (D.S.C. 2003) (dismissed on the merits); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The

petition was filed on May 19, 2005 and summarily dismissed, without prejudice, on August 24, 2005, based on Petitioner's failure to obtain pre-filing authorization, pursuant to 28 U.S.C. § 2244(b)(3), from the United States Court of Appeals for the Fourth Circuit.  See Hall v. State of South Carolina, et al., C/A No. 8:05-1402-TLW-BHH (D.S.C. 2005), ECF No. 11.  Having reviewed the instant Petition and applicable law, the Court finds that this successive § 2254 Petition should be summarily dismissed, without prejudice, for the same reason.

## PRO SE HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case.  The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  This Court is required to construe pro se petitions liberally.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).  Such pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.

---

District Court clearly had the right to take notice of its own files and records.").

1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. Hughes, 449 U.S. at 10 (citing Cruz v. Beto, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner again seeks to attack his January 1992 state court convictions and sentences in Richland County General Sessions Court, via this fifth § 2254 Petition. Petitioner alleges that he filed a post-conviction relief application ("PCR") "in Richland County to exhaust all State remedies under case No: 2011-CP-40[]-0101," and the "evidentiary hear[ing] was denied and dismissed [on] June 24, 2012." Petition, ECF No.

1, p. 3. Petitioner also attached to this § 2254 Petition copies of various pleadings and documents which were apparently filed in a state court habeas corpus action that Petitioner initiated in the Richland County Court of Common Pleas, 2013-CP-40[]-2591, on April 29, 2013. Petition, ECF No. 1-1, p. 1-44. Included in these documents is a copy of an order issued on August 5, 2013 by the South Carolina Supreme Court, dismissing Petitioner's petition for writ of mandamus. Petition, ECF No. 1-1, p. 15-16. The instant § 2254 Petition asserts that there were eight constitutional violations in connection with Petitioner's convictions and sentences, generally alleging that he was deprived and denied of equal protection and due process through ineffective assistance of counsel. See Petition, ECF No. 1, p. 4-5. Because Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals, pursuant to § 2244(b)(3)(A)-(E), to file this successive § 2254 petition, this Court lacks jurisdiction to hear the action and Petitioner is barred from attacking his state court convictions and sentences a fifth time.[2]

## DISCUSSION

Under 28 U.S.C. § 2244(b)(3)(A), "*[b]efore* a second or successive [§ 2254] application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

---

[2] The issue of successiveness of a habeas petition may be raised by the court sua sponte. Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997); Latimer v. Warden, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3)(B) - (E).[3]

"[N]ot every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). For example, when an initial habeas petition is denied on technical procedural grounds, such as failure to exhaust state remedies, and is not adjudicated on the merits, a subsequent habeas petition is not "second or successive." Slack v. McDaniel, 529 U.S. 473, 478 (2000). However, dismissal for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive. Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002) abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). A numerically second habeas petition is not "second or successive" if there is a "new judgment intervening between the two habeas petitions." Magwood v. Patterson, 130 S. Ct. 2788, 2802 (2010). A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly

---

[3] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

5

discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii).  See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000).  However, where the second or subsequent petition is a second attack on the same conviction, and the first petition was finally adjudicated on the merits, it is considered to be successive.  See In re Williams, 444 F.3d at 236.

As noted above, Petitioner's numerically third § 2254 petition, in Hall v. South Carolina, et al., C/A No. 8:03-2960-TLW-BHH (D.S.C. 2003), was dismissed and denied on the merits, when this Court granted summary judgment to the Respondents, finding that the state trial court had subject matter jurisdiction of Petitioner's criminal case and that Petitioner's counsel was not ineffective.  In the instant Petition, Petitioner does not assert grounds for relief based on a new rule of constitutional law, or newly discovered evidence, or any other circumstance that would not make this a successive petition.

Even if a petitioner's grounds for relief satisfy the strict requirements of 28 U.S.C. § 2244(b)(2)(A) and (B), the appropriate appellate court is the proper tribunal to make the decision when authorization is requested, not the district court.  Hence, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, which govern an action in which a petitioner, who is in custody pursuant to the judgment of a state court, seeks to present claims in a second or successive habeas corpus application under § 2254.

As the Fourth Circuit explained in In re Williams, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2)

"must be made by a court of appeals." See also In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this Court to consider this second § 2254 petition has not been issued by the Fourth Circuit.[4]

It is clear from a review of the Court's records that Petitioner previously attacked his Richland County convictions and sentences in a prior § 2254 petition which was dismissed on the merits, as noted above, in 2003. There is no indication that Petitioner has sought leave from the Fourth Circuit to file the Petition in this case. Consequently, this Court has no jurisdiction to consider the instant Petition, and Petitioner is barred from attacking his state court convictions and sentences in this Court.

## RECOMMENDATION

Based on the foregoing, it is recommended that the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without requiring Respondent to file a return. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656

---

[4] "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

(4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). It is further recommended that a certificate of appealability be denied.[5] Petitioner's attention is directed to the important notice on the next page.

September 20, 2013  
Charleston, South Carolina

s/Bruce Howe Hendricks  
United States Magistrate Judge

---

[5] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case sub judice, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).